UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
PETER SCHNEIDER,                        :
                        Plaintiff,      :      09 Civ. 9116 (DLC)
                                        :
            -v-                         :         MEMORANDUM
                                        :       OPINION & ORDER
WORD WORLD, LLC,                        :
                        Defendant.      :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

        On or about September 16, 2009, plaintiff commenced this

action by filing a complaint in New York Supreme Court.  The

defendant removed the case to this Court on November 2, 2009.

On December 1, 2009, plaintiff filed a motion to remand to state

court, which became fully submitted on January 29, 2010.  For

the following reasons, plaintiff's motion to remand is denied

without prejudice to renewal.


                            BACKGROUND

        Plaintiff's complaint arises out of his involvement with a

children's television project known as "Word World" between

approximately 2001 and 2003.  Plaintiff alleges that defendant

Word World LLC (the "defendant") and its predecessor in interest

Playgroundz Productions, Inc., failed "to pay plaintiff for his

intellectual property rights."  Plaintiff asserts that he is the

"creator and inventor of Word World Intellectual Properties,

including but not limited to the original names, terms, and
trademarks Word World, Word Things and Word Building and the
original concept and construction of the Word World characters
and the original feature, the separating and the building of the
letter/character parts." Plaintiff's complaint alleges eight
causes of action, including breach of contract, both express and
implied-in-fact; "breach of contract arising from false and
improper applications for copyrights, trademarks, and patents";
wrongful use and conversion of intellectual property; quantum
meruit; and accounting and disgorgement.

Defendant's notice of removal states that plaintiff's
complaint alleges claims arising under federal law, including
the Lanham Act, 15 U.S.C. §§ 1051 et seq., the U.S. Patent Act,
35 U.S.C. §§ 1 et seq., and the Copyright Act, 17 U.S.C. §§ 101
et seq. Plaintiff concedes that his "causes of action involve
Contracts that may relate to copyright, trademark and or
patents," but argues that "questions concerning patents,
copyright, and trademarks" are "only peripheral[]" and that his
claims arise solely under state law.

## DISCUSSION

On a motion to remand, "the defendant bears the burden of
demonstrating the propriety of removal." Cal. Pub. Employees'
Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004)

(citation omitted).  "'[S]tatutory procedures for removal are to be strictly construed,'" In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (quoting Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002)), and "out of respect for the limited jurisdiction of the federal courts and the rights of states," a court "must resolve any doubts against removability."  Id. (citation omitted).

A state court action may only be removed to federal court if the action could originally have been filed in federal court. See 28 U.S.C. § 1441(a).  Where, as here, neither party has alleged diversity jurisdiction, removal requires federal question jurisdiction.  Under the well-pleaded complaint rule, "[t]he existence of a federal question must be determined solely by reference to the plaintiff's own claim -- not by reference to statements raised in anticipation or avoidance of possible defenses that may be interposed."  Empire HealthChoice Assurance, Inc. v. McVeigh, 396 F.3d 136, 140 (2d Cir. 2005) (citation omitted).  This rule generally persists even where Congress has preempted state regulation since preemption would normally only be raised as a defense.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("Anderson"); see also Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 304 (2d Cir. 2004) ("Briarpatch") ("Preemption does not necessarily confer jurisdiction, since it is generally a defense to plaintiff's

suit and, as such, it does not appear on the face of a well-pleaded complaint.").

Nevertheless, even when a complaint pleads only state-law claims, it may nonetheless be removed to federal court where a federal statutory scheme completely preempts an area of the law. "'Under the complete preemption doctrine, certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims -- i.e. completely preempted.'" Wall v. CSX Transp., Inc., 471 F.3d 410, 423 n.11 (2d Cir. 2006) (quoting Sullivan v. Am. Airlines, 424 F.3d 267, 272 (2d Cir. 2005)). In Briarpatch, the Court of Appeals stated that the complete preemption doctrine covers "any federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action." 373 F.3d at 305 (interpreting and applying Anderson). After concluding that the complete preemption doctrine extends to the Copyright Act, the Court of Appeals held specifically that the plaintiff's state-law unjust enrichment claim was preempted insofar as it depended on the allegation that the defendant had turned the plaintiff's novel and screenplay into a motion picture without compensation or permission. Id. at 306.

In the instant case, it appears that the plaintiff's
complaint invokes rights covered by federal law that are
sufficiently "substantial" to support the existence of subject
matter jurisdiction in this action.  Bracey v. Bd. of Educ., 368
F.3d 108, 114 (2d Cir. 2004).  The plaintiff claims ownership of
"original names, terms, and trademarks"; argues that his
"creations" and "work product" were converted, misappropriated,
or otherwise used by the defendant without reasonable
compensation; and alleges that the defendant passed off
plaintiff's intellectual property as its own and "filed false
and improper patent applications, trademark applications, and
other applications."  To the extent plaintiff claims ownership
of any "original works of authorship fixed in a[] tangible
medium of expression" and that the defendant intruded upon the
plaintiff's exclusive rights, such claims are subject to
complete preemption under the Copyright Act.  17 U.S.C. §§ 102,
106; see Briarpatch, 373 F.3d at 305-06.  Likewise, to the
extent that plaintiff alleges that defendant interfered with his
ownership of a patent or his commercial use of a federally
recognized trademark, the plaintiff's right to relief may
"necessarily depend[] on resolution of a substantial question of
federal law."  Empire HealthChoice, 396 F.3d at 140 (citation
omitted).  As such, plaintiff's complaint invokes federal
question jurisdiction, and "a plaintiff may not defeat federal

subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law."  <u>Sullivan</u>, 424 F.3d at 271.

Supplemental jurisdiction exists over the remaining claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III."  28 U.S.C. § 1367(a).  "A state law claim forms part of the same controversy if it and the federal claim 'derive from a common nucleus of operative fact.'"  <u>Briarpatch</u>, 373 F.3d at 308 (citation omitted).  Because each of plaintiff's claims against the defendant arise from a "common nucleus of operative fact" -- namely, plaintiff's claim to compensation based on his participation in, or creation of, the Word World project -- the Court will exercise its discretion pursuant to 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the remaining state-law claims.

<u>CONCLUSION</u>

Plaintiff's December 1, 2009 motion to remand this case to state court is denied without prejudice.  In the event that

further litigation reveals that no federal claim exists, the

plaintiff may renew his motion.

SO ORDERED:

Dated:     New York, New York
           February 9, 2010

                                    _____
                                           DENISE COTE
                                    United States District Judge

7